**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SCOTT BUCY, | Case No. 2:15-cv-2909 |
| Plaintiff, | Chief Judge Sargus |
| | Magistrate Judge Kemp |
| v. | |
| PENNYMAC LOAN SERVICES, LLC, GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Defendants. | |

**DEFENDANTS PENNYMAC LOAN SERVICES, LLC AND MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.'S RESPONSE TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants PennyMac Loan Services, LLC ("PennyMac") and Mortgage Electronic Registration Systems, Inc. ("MERS")[1] (collectively, "Defendants"), by and through their attorneys, Dickinson Wright PLLC, in response to Plaintiff's First Amended Complaint, state as follows:

## I.      INTRODUCTION

1.      Plaintiff Scott Bucy refinanced his mortgage loan in August 2013. When Plaintiff attempted to make his first payment through an automated clearinghouse ("ACH") from his account with a national bank. Defendant PennyMac Loan Services, LLC ("PennyMac") refused to accept these payments.

---

[1] As stated in the Court's Opinion and Order dated September 30, 2016 (DE 54) on Defendants' Motion to Dismiss, "With respect to his claims against MERS, Plaintiff explains that 'MERS is included as a party only because it is the mortgagee of record and necessary for proper resolution of Plaintiff's quiet title action.'"  The Court goes on to say, "Given that Plaintiff only brings his quiet title claim (Count 8) against MERS, the Court need not consider MERS' arguments as to the other claims."  *Id.*  Because no allegations of wrongdoing are included in the Amended Complaint against MERS, MERS will only respond to those allegations included in Count 8, and to those allegations specifically addressing MERS.

**RESPONSE:** Defendants admit only that on August 13, 2013, to refinance the purchase of real property located at 2144 Tall Timbers Court, Columbus, Ohio (the "Property"), Plaintiff received a loan for $177,149.00 secured by a mortgage in favor of MERS, as mortgagee and nominee for Mortgage Services III, LLC, and its successors and assigns (the "Mortgage").  Defendants are without knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 1 of the Amended Complaint and therefore deny them.

2.      PennyMac instead required Plaintiff to pay by telephone, inconveniencing Plaintiff and forcing him to run the risk of forgetting to call and pay his mortgage, as opposed to having the amount automatically debited from his account every month.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 2 of the Amended Complaint and therefore denies them.

3.      When Plaintiff inquired why this was the case, PennyMac informed him it simply did not do business with Plaintiffs national bank.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 3 of the Amended Complaint and therefore denies them.

4.      Upon further inquiry, Plaintiff discovered that PennyMac banked with Bank of America, N.A., whose executives were past executives at a large financial institution with a history of improper dealings.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 4 of the Amended Complaint and therefore denies them.

5.      When Plaintiff refinanced his mortgage loan, he did not receive the federally-mandated number of his notice of right to cancel.

**RESPONSE:** PennyMac denies the allegations in paragraph 5 of the Amended Complaint as untrue.

6.      Almost immediately, the lender sold Plaintiffs mortgage loan and transferred servicing to Defendant PennyMac Loan Services, LLC ("PennyMac").

**RESPONSE:** PennyMac admits only that on August 29, 2013, the Mortgage was transferred and PennyMac began servicing the Mortgage.  PennyMac denies the remaining allegations in paragraph 6 of the Amended Complaint.

7.      Believing that PennyMac owned his loan and was the creditor. Plaintiff notified PennyMac that he was rescinding his loan and requested the return of the monies he had paid toward the mortgage loan.

**RESPONSE:** PennyMac admits only that Plaintiff notified PennyMac that he wanted to rescind the Mortgage.  PennyMac is without knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 7 of the Amended Complaint and therefore denies them.

8.      Rather than honor Plaintiffs rescission, PennyMac informed him "Ginnie Mae" was the "owner/investor" of his mortgage loan, implying that PennyMac had surreptitiously sold his mortgage loan to Defendant Government National Mortgage Association ("GNMA").

**RESPONSE:** PennyMac denies the allegations of Paragraph 8 as untrue.

9.      Thus, Plaintiff notified GNMA of his rescission of his mortgage loan too, but GNMA did not respond to his notice in any way whatsoever.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 9 of the Amended Complaint and therefore denies them.

10.      Accordingly, Plaintiff brings this action against Defendants for actual damages, statutory damages, attorney fees, and costs for violations of the Truth in Lending Act ("TILA"),

15 U.S.C. 1601, et seq., and Regulation Z, 12 C.F.R. 1026.1, et seq.; violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601, et seq. and Regulation X, 12 C.F.R. 1024.1, et seq.; for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.; for violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. 1345.01, et seq.; to quiet title; and for declaratory judgment.

**RESPONSE:** Paragraph 10 states legal conclusions to which no answer is required. In further answer, Defendants admit Plaintiff brings this action against PennyMac for alleged violations of TILA, RESPA, FDCPA and CSPA, and deny any liability under these statutes. Plaintiff admits that MERS is included as a party only because it is the mortgagee of record and allegedly necessary for proper resolution of Plaintiff's quiet title act; therefore, MERS denies the allegations in Paragraph 10 as to MERS.

## II. JURISDICTION

11. This Court has jurisdiction over the First through Fourth Counts pursuant to TILA, 15 U.S.C. 1640(e), and 28 U.S.C. 1331 and 1337.

**RESPONSE:** Paragraph 11 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations of Paragraph 11 as true.

12. This Court has jurisdiction over the Fifth Count pursuant to RESPA, 12 U.S.C. 2614, and 28 U.S.C. 1331 and 1337.

**RESPONSE:** Paragraph 12 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations of Paragraph 12 as true.

13. This Court has jurisdiction over the Sixth Count pursuant to the FDCPA, 15 U.S.C. 1692k(d), and 28 U.S.C. 1331 and 1337.

**RESPONSE:** Paragraph 13 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations of Paragraph 13 as true.

14.     This Court has jurisdiction over the Ninth Count pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. 2201.

**RESPONSE:** Paragraph 14 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations of Paragraph 14 as true.

15.     This Court has supplemental jurisdiction over Plaintiffs remaining counts pursuant to 28 U.S.C. 1367 because they involve the same case or controversy.

**RESPONSE:** Paragraph 15 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations of Paragraph 15 as true.

16.     This Court has personal jurisdiction over Defendants because Defendants transact business within this District, the mortgage loan was incurred within this District, and the subject property is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

**RESPONSE:** Paragraph 16 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations of Paragraph 16 as true.

17.     Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Defendants are subject to personal jurisdiction in this District.

**RESPONSE:** Paragraph 17 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations of Paragraph 17 as true.

**III.    PARTIES**

18.     Plaintiff Scott Bucy is a natural person currently residing at 2144 Tall Timbers Court, Columbus, Ohio 43228.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 18 of the Amended Complaint and therefore denies them.

19.     Plaintiff was and is a consumer within the meaning of TILA, 15 U.S.C. 1602(i), and the FDCPA, 15 U.S.C. 1692a(3).

**RESPONSE:** Paragraph 19 states a legal conclusion to which no answer is required. In further answer, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 19 of the Amended Complaint and therefore denies them.

20.     Plaintiff was and is a person within the meaning of RESPA, 12 U.S.C. 2602(5).

**RESPONSE:** Paragraph 20 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations in paragraph 20 of the Amended Complaint.

21.     Plaintiff was and is a **consumer** within the meaning of the CSPA, R.C. 1345.01(D).

**RESPONSE:** Paragraph 21 states a legal conclusion to which no answer is required. In further answer, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 21 of the Amended Complaint and therefore denies them.

22.     PennyMac is a limited liability company organized in the State of Delaware.

**RESPONSE:** PennyMac admits it is a Delaware limited liability company.

23.     PennyMac regularly extends consumer credit which is payable by agreement in four or more installments, or for which the payment of a finance charge is or may be required, and thus was and is a **credito**r within the meaning of TILA, 15 U.S.C. 1602(g).

**RESPONSE:** Paragraph 23 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations in paragraph 23 of the Amended Complaint.

24.     PennyMac was and is a **servicer** of a consumer obligation within the meaning of TILA, 15 U.S.C. 1641(f)(3).

**RESPONSE:** Paragraph 24 states a legal conclusion to which no answer is required. In further answer, PennyMac admits PennyMac was and is the servicer of Plaintiff's Mortgage.

25.     PennyMac was and is a **person** within the meaning of RESPA, 12 U.S.C. 2602(5).

**RESPONSE:** Paragraph 25 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations in paragraph 25 of the Amended Complaint.

26.     PennyMac was and is a servicer of Plaintiff's **federally related mortgage loan** within the meaning of RESPA, 12 U.S.C. 2605(i)(2) and 2602(1).

**RESPONSE:** Paragraph 26 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations in paragraph 26 of the Amended Complaint.

27.     PennyMac was and is a **debt collector** within the meaning of the FDCPA, 15 U.S.C. 1692a(6) because it uses an instrumentality of interstate commerce or the mails to collect of debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

**RESPONSE:** Paragraph 27 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations in paragraph 27 of the Amended Complaint.

28.     PennyMac was and is a **debt collector**, per 15 U.S.C. 1692a(6) because it is a creditor who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person is collecting or attempting to collect such debts.

**RESPONSE:** Paragraph 28 states a legal conclusion to which no answer is required. In further answer, PennyMac denies the allegations in paragraph 28 of the Amended Complaint.

29. GNMA is a government corporation with its headquarters in Washington, DC.

**RESPONSE:** Paragraph 29 states a legal conclusion to which no answer is required. In further answer, PennyMac admits the allegations in paragraph 29 of the Amended Complaint.

30. GNMA regularly extends consumer credit which is payable by agreement in four or more installments, or for which the payment of a finance charge is or may be required, and thus was and is a **creditor** within the meaning of TILA, 15 U.S.C. 1602(g).

**RESPONSE:** Paragraph 30 states a legal conclusion to which no answer is required. In further answer, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 30 of the Amended Complaint and therefore denies them.

31. GNMA was and is a **person** within the meaning of RESPA, 12 U.S.C. 2602(5).

**RESPONSE:** Paragraph 31 states a legal conclusion to which no answer is required. In further answer, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 31 of the Amended Complaint and therefore denies them.

32. Mortgage Electronic Registration Systems, Inc. ("MERS") is a corporation organized in the State of Delaware.

**RESPONSE:** Defendants admit the allegations of Paragraph 32.

## IV. FACTUAL ALLEGATIONS

33. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

34. Each action or inaction alleged herein against Defendants is also an allegation of action or inaction by Defendants' agents, predecessors, successors, employees, contractors, assignees, trustees, and servicers, as appropriate.

**RESPONSE:** Paragraph 34 states a legal conclusion to which no answer is required. In further answer, Defendants deny the allegations in paragraph 34 of the Amended Complaint.

35. At all times relevant to this Complaint, PennyMac acted as GNMA's agent with GNMA's knowledge and consent.

**RESPONSE:** Paragraph 35 states a legal conclusion to which no answer is required. In further answer, PennyMac denies the allegations in paragraph 35 of the Amended Complaint.

36. On or about August 13, 2013, Plaintiff refinanced the mortgage loan secured by his primary residence, located at 2144 Tall Timbers Court, Columbus, Ohio 43228, situated in Franklin County, with Mortgage Services III, LLC ("MS3").

**RESPONSE:** Defendants admit the allegations in paragraph 36 of the Amended Complaint.

37. Plaintiff signed a promissory note and mortgage in connection with his refinance.

**RESPONSE:** Defendants admit the allegations in paragraph 37 of the Amended Complaint.

38. Plaintiffs refinance transaction was a mortgage loan that is secured by a lien on residential real property.

**RESPONSE:** Defendants admit the allegations in paragraph 38 of the Amended Complaint.

39. The residence on the subject property is designed principally for occupancy by a single family.

**RESPONSE:** Defendants admit the allegations in paragraph 39 of the Amended Complaint.

40. MS3 was regulated by an agency of the federal government and its deposits were insured by an agency of the federal government.

9

**RESPONSE:** Defendants are without knowledge and information sufficient to form a belief as to the allegations in paragraph 40 of the Amended Complaint and therefore denies them.

41.     The mortgage loan, as an FHA loan, was insured by an officer or agency of the federal government.

**RESPONSE:** Defendants admit the allegations in paragraph 41 of the Amended Complaint.

42.     Plaintiffs refinance was a **federally related mortgage loan**. 12 C.F.R. 1024.2.

**RESPONSE:** Paragraph 42 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations in paragraph 42 of the Amended Complaint.

43.     The 2013 refinance transaction was and is subject to a finance charge or is payable by a written agreement in more than four installment payments. 15 U.S.C. 1602(f).

**RESPONSE:** Paragraph 43 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations in paragraph 43 of the Amended Complaint.

44.     The credit extended as part of the 2013 refinance transaction was and is for personal, family, or household purposes. 15 U.S.C. 1602(h).

**RESPONSE:** Paragraph 44 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations in paragraph 44 of the Amended Complaint.

45.     The 2013 refinance transaction was secured by real estate, where Plaintiff resided, and is a dwelling. 15 U.S.C. 1640(a)(2)(A)(iii).

**RESPONSE:** Paragraph 45 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations in paragraph 45 of the Amended Complaint.

46.     Plaintiffs mortgage loan is a debt.

**RESPONSE:** Paragraph 46 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations in paragraph 46 of the Amended Complaint.

47.     Plaintiffs mortgage loan was **consumer credit transaction** within the meaning of TILA, 15 U.S.C. 1602 and Regulation Z, 12C.F,R. 1026.2(a)(12).

**RESPONSE:** Paragraph 47 states a legal conclusion to which no answer is required. In further answer, Defendants admit the allegations in paragraph 47 of the Amended Complaint.

48.     The violations of TILA alleged herein are apparent on the face of the documents.

**RESPONSE:** PennyMac denies the allegations in paragraph 48 of the Amended Complaint.

49.     The mortgage listed MERS as the mortgagee.

**RESPONSE:** Defendants admit the allegations in paragraph 49 of the Amended Complaint.

50.     MS3 did not provide Plaintiff two copies of the Notice of Right to Cancel.

**RESPONSE:** PennyMac denies the allegations in paragraph 50 of the Amended Complaint.

51.     MS3 did not provide Plaintiffs wife, who also signed the mortgage, two copies of the Notice of Right to Cancel.

**RESPONSE:** PennyMac denies the allegations in paragraph 51 of the Amended Complaint.

52.     On or about August 29, 2013, MS3 notified Plaintiff in writing that it had sold his mortgage loan to PennyMac.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 52 of the Amended Complaint and therefore denies them.

53.     On or about September 4, 2013, PennyMac informed Plaintiff in writing that it would be servicing Plaintiffs mortgage loan.

**RESPONSE:** PennyMac admits the allegations in paragraph 53 of the Amended Complaint.

54.     On or about September 24, 2013, PennyMac informed Plaintiff in writing that it had purchased his mortgage loan.

**RESPONSE:** PennyMac admits the allegations in paragraph 54 of the Amended Complaint.

55.     PennyMac's letter of September 24th referred to PennyMac as the "Creditor" of Plaintiffs mortgage loan.

**RESPONSE:** PennyMac admits the allegations in paragraph 55 of the Amended Complaint.

56.     From September 24, 2013 to July 10, 2015, Plaintiff received no notices that the servicing or ownership of his mortgage loan had changed.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 56 of the Amended Complaint and therefore denies them.

57.     On or about July 10, 2015, Plaintiff sent several letters to PennyMac. Ex. A.

**RESPONSE:** Exhibit A speaks for itself.  To the extent the allegations of Paragraph 57 of the Amended Complaint contradict the documents in Exhibit A, PennyMac denies the allegations of Paragraph 57.

58.     Plaintiff incurred at least $674.50 in legal fees and $4.16 in postage in preparing and mailing the letters to PennyMac.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 58 of the Amended Complaint and therefore denies them.

59.     Plaintiff included a qualified written request ("QWR") requesting information ("RFI") about his mortgage loan.

**RESPONSE:** Paragraph 59 states a legal conclusion to which no answer is required. In further answer, PennyMac denies the allegations in paragraph 59 of the Amended Complaint.

60.     Plaintiff requested the name, address, and telephone number of the owner of the note associated with his mortgage loan, and the name of the master servicer of the mortgage loan.

**RESPONSE:** Exhibit A speaks for itself.  To the extent the allegations of Paragraph 60 of the Amended Complaint contradict the documents in Exhibit A, PennyMac denies the allegations of Paragraph 60.

61.    Plaintiff requested a payoff quote for the mortgage loan.

**RESPONSE:** Exhibit A speaks for itself.  To the extent the allegations of Paragraph 61 of the Amended Complaint contradict the documents in Exhibit A, PennyMac denies the allegations of Paragraph 61.  To the extent these allegations do not refer to the documents attached as Exhibit A, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 61 of the Amended Complaint and therefore denies them.

62.    Plaintiff also included written notice that he rescinded the mortgage loan.

**RESPONSE:** Exhibit A speaks for itself.  To the extent the allegations of Paragraph 62 of the Amended Complaint contradict the documents in Exhibit A, PennyMac denies the allegations of Paragraph 62. To the extent these allegations do not refer to the documents attached as Exhibit A, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 62 of the Amended Complaint and therefore denies them.

63.    PennyMac received Plaintiffs letters on or about July 18, 2015.

**RESPONSE:** Exhibit B speaks for itself.  To the extent the allegations of Paragraph 63 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 63.  To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 63 of the Amended Complaint and therefore denies them.

64.    On or about July 24, 2015, PennyMac responded in writing to Plaintiff via two letters.

13

**RESPONSE:** Exhibit B speaks for itself. To the extent the allegations of Paragraph 64 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 64. To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 64 of the Amended Complaint and therefore denies them.

65.     PennyMac's July 24th letters acknowledged receipt of Plaintiffs letters, and one letter identified the "owner/investor" of the loan as "Ginnie Mae," and provided the address for GNMA listed in caption, supra.

**RESPONSE:** Exhibit B speaks for itself. To the extent the allegations of Paragraph 65 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 65. To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 65 of the Amended Complaint and therefore denies them.

66.     Neither Ginnie Mae nor GNMA was the owner of the mortgage loan.

**RESPONSE:** PennyMac denies the allegations of Paragraph 66.

67.     On or about August 13, 2015, PennyMac responded in writing to Plaintiffs QWR. Ex. B.

**RESPONSE:** Exhibit B speaks for itself. To the extent the allegations in Paragraph 67 contradict the documents attached as Exhibit B, PennyMac denies the allegations of Paragraph 67. PennyMac further denies that Plaintiff's correspondence qualifies as a QWR.

68.     PennyMac incorrectly stated that Plaintiffs QWR was not a QWR because it did not identify any error with the mortgage loan account.

**RESPONSE:** PennyMac denies the allegations in Paragraph 68.

69.     PennyMac failed to state the date that the current note holder acquired the note, or from whom it had acquired the note.

**RESPONSE:** Exhibit B speaks for itself.  To the extent the allegations of Paragraph 69 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 69. To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 69 of the Amended Complaint and therefore denies them.

70.     PennyMac did not identify the owner of Plaintiff s mortgage loan.

**RESPONSE:** Exhibit B speaks for itself.  To the extent the allegations of Paragraph 70 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 70. To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 70 of the Amended Complaint and therefore denies them.

71.     PennyMac did not identify the master servicer of Plaintiff s mortgage loan.

**RESPONSE:** Exhibit B speaks for itself.  To the extent the allegations of Paragraph 71 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 71. To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 71 of the Amended Complaint and therefore denies them.

72.     PennyMac did not provide Plaintiff with a payoff amount for his mortgage loan within seven business days of a request for the same.

**RESPONSE:** Exhibit B speaks for itself.  To the extent the allegations of Paragraph 72 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 72. To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 72 of the Amended Complaint and therefore denies them.

73.     Within 20 days of receipt of the written notice of Plaintiffs rescission, PennyMac did not return any of the money or property given in connection with the mortgage loan.

**RESPONSE:** PennyMac admits the allegations in Paragraph 73 and further states that Plaintiff's purported notice of rescission was time-barred.

74.     Within 20 days of receipt of the written notice of Plaintiffs rescission, PennyMac took no steps to reflect the cancellation of the mortgage lien.

**RESPONSE:** PennyMac admits the allegations in Paragraph 74 and further states that Plaintiff's purported notice of rescission was time-barred.

75.     PennyMac identified GNMA as the "owner/investor" of Plaintiffs mortgage loan in its July 24th and August 13th letters to Plaintiff.

**RESPONSE:** Exhibit B speaks for itself.  To the extent the allegations of Paragraph 75 of the Amended Complaint contradict the documents in Exhibit B, PennyMac denies the allegations of Paragraph 75. To the extent these allegations do not refer to the documents attached as Exhibit B, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 75 of the Amended Complaint and therefore denies them.

76.     Accordingly, on or about July 31, 2015, Plaintiff sent written notice to GNMA that he rescinded the mortgage loan. Ex. C.

**RESPONSE:** Exhibit C speaks for itself. To the extent the allegations of Paragraph 76 of the Amended Complaint contradict the documents in Exhibit C, PennyMac denies the allegations of Paragraph 76.

77. Plaintiff incurred $228.50 in legal fees and $5.18 in postage in preparing and mailing the letter to GNMA.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 77 of the Amended Complaint and therefore denies them.

78. GNMA received Plaintiffs letter on or about August 7, 2015.

**RESPONSE:** Exhibit C speaks for itself. To the extent the allegations of Paragraph 78 of the Amended Complaint contradict the documents in Exhibit C, PennyMac denies the allegations of Paragraph 78. To the extent these allegations do not refer to the documents attached as Exhibit C, PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 78 of the Amended Complaint and therefore denies them.

79. Within 20 days of receipt of the written notice of Plaintiffs rescission, GNMA did not return any of the money or property given in connection with the mortgage loan.

**RESPONSE:** PennyMac admits the allegations in Paragraph 79 and further states that Plaintiff's purported notice of rescission was time-barred.

80. Within 20 days of receipt of the written notice of Plaintiff s rescission, GNMA took no steps to reflect the cancellation of the mortgage.

**RESPONSE:** PennyMac admits the allegations in Paragraph 80 and further states that Plaintiff's purported notice of rescission was time-barred.

81. GNMA did not, within 30 days of acquiring Plaintiffs mortgage loan, notify Plaintiff of:

17

a.      such transfer;

b.      the date of the transfer;

c.      how to reach an agent or party having authority to act on behalf of GNMA;

d.      the location of the place where transfer of ownership of the debt is recorded; or

e.      any other relevant information regarding GNMA.

**RESPONSE:** PennyMac is without knowledge and information sufficient to form a belief as to the allegations in paragraph 81 of the Amended Complaint and therefore denies them.

82.     Accordingly, Plaintiff brings this action against Defendants.

**RESPONSE:** Defendants admit Plaintiff brings this action against them, but deny all allegations of wrongdoing and deny any liability to Plaintiff.

**V.      FIRST COUNT - VIOLATION OF TILA (Payoff Quote)**

83.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

84.     For all of the reasons stated herein, PennyMac and GNMA violated T1LA and are liable to Plaintiff.

**RESPONSE:** Paragraph 84 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 84.

85.     PennyMac and GNMA failed to provide Plaintiff an accurate payoff balance within seven business days of receipt of a written request from or on behalf of Plaintiff. 15 U.S.C. 1639g.

**RESPONSE:** Paragraph 85 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 85.

86.     Thus, PennyMac and GNMA are liable to Plaintiff for their violations of TILA in an amount of at least: Plaintiffs maximum actual damages; statutory damages of at least S4,000; and the costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1640(a).

**RESPONSE:** Paragraph 86 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 86.

**VI.     SECOND COUNT - VIOLATION OF TILA (Notice of Sale)**

87.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

88.     GNMA was the owner of the mortgage loan.

**RESPONSE:** This claim was dismissed as to PennyMac pursuant to the Court's order dated 9/30/16.  DE 54.

89.     For all of the reasons stated herein, GNMA violated TILA and is liable to Plaintiff.

**RESPONSE:** This claim was dismissed as to PennyMac pursuant to the Court's order dated 9/30/16.  DE 54.

90.     GNMA did not, within 30 days of acquiring Plaintiffs mortgage loan, notify Plaintiff of:

a.     such transfer;

b.     GNMA's identity;

19

     c.        GNMA's address;

     d.        GNMA's telephone number;

     e.        the date of the transfer;

     f.        how to reach an agent or party having authority to act on behalf of GNMA;

     g.        the location of the place where transfer of ownership of the mortgage loan is recorded; or

     h.        any other relevant information regarding GNMA. 15 U.S.C. 1641 (g)(1).

**RESPONSE:** This claim was dismissed as to PennyMac pursuant to the Court's order dated 9/30/16. DE 54.

     91.     Thus, GNMA is liable to Plaintiff for its violations of TILA in an amount of at least: Plaintiffs maximum actual damages; statutory damages of at least $4,000; and the costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1640(a).

**RESPONSE:** This claim was dismissed as to PennyMac pursuant to the Court's order dated 9/30/16. DE 54.

**VII.    THIRD COUNT - VIOLATION OF TILA (Rescission)**

     92.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

     93.     For the reasons stated herein, PennyMac and GNMA violated TILA and are liable to Plaintiff for damages and are subject to injunctive relief to effectuate Plaintiffs rescission.

**RESPONSE:** Paragraph 93 states legal conclusions to which no answer is required. In further answer, PennyMac denies the allegations of Paragraph 93.

94.     Plaintiffs refinance transaction was subject to a right of rescission. 15 U.S.C. 1635 and Regulation Z, 12 C.F.R. 1026.23.

**RESPONSE:** Paragraph 94 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 94.

95.     Defendants failed to deliver all material disclosures required by TILA and Regulation Z by failing to provide Plaintiff and his wife two copies each (four total) of their Notice of Right to Cancel on August 13, 2013.

**RESPONSE:** Paragraph 95 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 95.

96.     Defendants only delivered one copy of the Notice of Right to Cancel to Plaintiffs wife and no copies to Plaintiff.

**RESPONSE:** PennyMac denies the allegations of Paragraph 96.

97.     Plaintiff has a continuing right to rescind the 2013 refinance transaction until the third business day after receiving all material disclosures or up to three years after consummation of the transaction, pursuant to 15 U.S.C. 1635(a) and 12 C.F.R. Part 1026.23.

**RESPONSE:** Paragraph 97 states legal conclusions to which no answer is required.  In further answer, PennyMac denies Plaintiff has a continuing right up to three years after consummation of the Mortgage to rescind the Mortgage.

98.     By failing to provide Plaintiff these material disclosures, his rescission right ends on or about August 12, 2016.

**RESPONSE:** PennyMac denies the allegations of Paragraph 98.

99.     Plaintiff rescinded the transaction, through counsel, by timely mailing notice of his rescission to PennyMac and GNMA. Exs. A and C.

21

**RESPONSE:** PennyMac denies the allegations of Paragraph 99.

100.    Defendants did not honor Plaintiffs rescission.

**RESPONSE:** PennyMac denies the allegations of Paragraph 100.

101.    Thus, Defendants are liable to Plaintiff for any money or property Plaintiff gave to anyone, including Defendants, in connection with his refinance transaction, pursuant to 15 U.S.C. 1635(b); Plaintiffs maximum actual damages of at least $5,000; statutory damages of at least $4,000; and the costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1640(a).

**RESPONSE:** Paragraph 101 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 101.

102.    Plaintiff is also entitled to an order from the Court cancelling the mortgage lien attendant to Plaintiffs refinance transaction that encumbers the subject property, and ordering Defendants to return the original note notated as "cancelled" or "rescinded" to Plaintiff.

**RESPONSE:** PennyMac denies the allegations of Paragraph 102.

**VIII.   FOURTH COUNT - VIOLATION OF TILA (ID of Owner)**

103.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

104.    For all of the reasons stated herein, PennyMac or GNMA violated TILA and is liable to Plaintiff.

**RESPONSE:** PennyMac denies the allegations of Paragraph 104.

105.    PennyMac did not, after receiving Plaintiffs letter of July 10, 2015, provide the name, address, and telephone number of the owner of the obligation. 15 U.S.C. 1641(f)(2).

**RESPONSE:** PennyMac denies the allegations of Paragraph 105.

106.    PennyMac did not, after receiving Plaintiffs letter of July 10, 2015, provide the name, address, and telephone number of the master servicer of the obligation. 15 U.S.C. 1641(f)(2).

**RESPONSE:** PennyMac denies the allegations of Paragraph 106.

107.    Thus, PennyMac or GNMA is liable to Plaintiff for its violations of TILA in an amount of at least: Plaintiffs maximum actual damages; statutory damages of at least $4,000; and the costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1640(a).

**RESPONSE:** Paragraph 107 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 107.

## XI.    FIFTH COUNT - VIOLATION OF RESPA

108.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

109.    For the reasons stated herein, PennyMac violated RESPA and is liable to Plaintiff for damages.

**RESPONSE:** PennyMac denies the allegations of Paragraph 109.

110.    Plaintiff s July 10th RFI to PennyMac requested PennyMac provide to him:

a.    the name, address, and telephone number of the master servicer and owner of his mortgage loan; and

23

b.      the date the current noteholder acquired the note and mortgage, and from whom it acquired them.

**RESPONSE:** Exhibit A speaks for itself.  To the extent the allegations in Paragraph 110 contradict the documents in Exhibit A, PennyMac denies the allegations in Paragraph 110.

111.    PennyMac failed to provide Plaintiff with the name, address, and telephone number of the owner of his mortgage loan. 12 U.S.C. 2605(e)(2) and 12 C.F.R. 1024.36(d).

**RESPONSE:** Paragraph 111 states legal conclusions to which no answer is required.  In further answer, Exhibit B speaks for itself.  To the extent the allegations in Paragraph 111 contradict the documents in Exhibit B, PennyMac denies the allegations in Paragraph 111.

112.    PennyMac failed to provide Plaintiff with the name, address, and telephone number of the master servicer of his mortgage loan. 12 U.S.C. 2605(e)(2) and 12 C.F.R. 1024.36(d).

**RESPONSE:** Paragraph 112 states legal conclusions to which no answer is required.  In further answer, Exhibit B speaks for itself.  To the extent the allegations in Paragraph 112 contradict the documents in Exhibit B, PennyMac denies the allegations in Paragraph 112.

113.    PennyMac failed to provide Plaintiff with the date the current noteholder acquired Plaintiffs mortgage loan. 12 U.S.C. 2605(e)(2) and 12 C.F.R. 1024.36(d).

**RESPONSE:** Paragraph 113 states legal conclusions to which no answer is required.  In further answer, Exhibit B speaks for itself.  To the extent the allegations in Paragraph 113 contradict the documents in Exhibit B, PennyMac denies the allegations in Paragraph 113.

114.    PennyMac failed to provide Plaintiff with the identity of the entity from which the current noteholder acquired Plaintiffs mortgage loan. 12 U.S.C. 2605(e)(2) and 12 C.F.R. 1024.36(d).

**RESPONSE:** Paragraph 114 states legal conclusions to which no answer is required. In further answer, Exhibit B speaks for itself. To the extent the allegations in Paragraph 114 contradict the documents in Exhibit B, PennyMac denies the allegations in Paragraph 114.

115. PennyMac has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer requirements of RESPA and Regulation X.

**RESPONSE:** PennyMac denies the allegations of Paragraph 115.

116. Thus, PennyMac is liable to Plaintiff for its violations of RESPA in an amount of at least: Plaintiffs actual damages in excess of $5,000; statutory damages of at least $2,000; and the costs of this action and attorney's fees, including pursuant to 12 U.S.C. 2605(f).

**RESPONSE:** Paragraph 116 states legal conclusions to which no answer is required. In further answer, PennyMac denies the allegations of Paragraph 116.

## X.  SIXTH COUNT - VIOLATION OF THE FDCPA

117. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

118. For all the reasons stated herein, PennyMac violated the FDCPA and is liable to Plaintiff for damages.

**RESPONSE:** PennyMac denies the allegations of Paragraph 118.

119. PennyMac was and is subject to the FDCPA at all times relevant to this transaction.

**RESPONSE:** Paragraph 119 states legal conclusions to which no answer is required. In further answer, PennyMac admits the allegations of Paragraph 119.

120.    Plaintiff rescinded his mortgage loan upon mailing his notice of rescission.

**RESPONSE:** PennyMac denies the allegations of Paragraph 120.

121.    Plaintiff was no longer obligated to pay on the mortgage loan subsequent to his rescission of the same.

**RESPONSE:** PennyMac denies the allegations of Paragraph 121.

122.    However, PennyMac continued to send Plaintiff monthly mortgage statements demanding that he pay on the rescinded mortgage loan.

**RESPONSE:** PennyMac denies that Plaintiff rescinded the Mortgage and admits the remaining allegations in Paragraph 122.

123.    PennyMac's actions stated herein are false and/or misleading in violation of 15 U.S.C. 1692e, and subparagraphs (2)(A), (5), and (10).

**RESPONSE:** Paragraph 123 states legal conclusions to which no answer is required. In further answer, PennyMac denies the allegations in Paragraph 123.

124.    PennyMac's actions stated herein are unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. 1692f.

**RESPONSE:** Paragraph 124 states legal conclusions to which no answer is required. In further answer, PennyMac denies the allegations of Paragraph 124,

125.    PennyMac's actions stated herein are conduct, the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. 1692d.

**RESPONSE:** Paragraph 125 states legal conclusions to which no answer is required. In further answer, PennyMac denies the allegations of Paragraph 125.

126.    As a result of PennyMac's actions. Plaintiff suffered damages as described herein.

**RESPONSE:** PennyMac denies the allegations of Paragraph 126.

127.    Thus, PennyMac is liable to Plaintiff for its FDCPA violations in an amount equal to or greater than: Plaintiffs maximum actual damages for each of PennyMac's violations of the FDCPA; maximum statutory damages of at least $ 1,000; and the costs of this action and attorney's fees, including pursuant to 15 U.S.C. 1692k(a).

**RESPONSE:** Paragraph 127 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 127.

## XI.    SEVENTH COUNT - VIOLATION OF THE CSPA

128.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

129.    For all of the reasons stated herein, Defendants violated the CSPA.

**RESPONSE:** PennyMac denies the allegations of Paragraph 129.

130.    Defendants' actions described herein constitute unfair and/or deceptive acts and/or practices in violation of R.C. 1345.02(A).

**RESPONSE:** Paragraph 130 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 130.

131.    Defendants' actions described herein constitute unconscionable acts and/or practices in violation of R.C. 1345.03(A).

**RESPONSE:** Paragraph 131 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 131.

132.    Defendants' actions described herein constitute unconscionable acts and/or practices in violation of R.C. 1345.031(A).

**RESPONSE:** Paragraph 132 states legal conclusions to which no answer is required. In further answer, PennyMac denies the allegations of Paragraph 132.

133. Defendants knowingly committed the aforementioned acts.

**RESPONSE:** PennyMac denies the allegations of Paragraph 133.

134. A court in Ohio has found that a violation of the FDCPA is also an unfair and/or deceptive and/or unconscionable act and/or practice in violation of the CSPA at R.C. 1345.02 and 1345.03. Ex. D. [Montgomery]

**RESPONSE:** Exhibit D speaks for itself. To the extent the allegations in Paragraph 134 contradict Exhibit D, PennyMac denies the allegations of Paragraph 134.

135. Exhibit D was made available for public inspection under R.C. 1345.05 and 1345.09(B) prior to Defendants' actions.

**RESPONSE:** Exhibit D speaks for itself. To the extent the allegations in Paragraph 135 contradict Exhibit D, PennyMac denies the allegations of Paragraph 135.

136. A Court in Ohio has found that a violation of T1LA is also in unfair and/or deceptive and or unconscionable act under R.C. 1345.02 and 1345.031. Exs. E, F. [Magellan, Howard]

**RESPONSE:** Exhibits E and F speak for themselves. To the extent the allegations in Paragraph 136 contradict Exhibits E and F, PennyMac denies the allegations of Paragraph 136.

137. Exhibits E and F were made available for public inspection under R.C. 1345.05 and 1345.09(B) prior to Defendants' actions.

**RESPONSE:** Exhibits E and F speak for themselves. To the extent the allegations in Paragraph 137 contradict Exhibits E and F, PennyMac denies the allegations of Paragraph 137.

138.    Thus, Defendants are liable to Plaintiff for their violations of the CSPA, in an amount equal to or greater than: the greater of Plaintiff s maximum actual damages trebled, or $200; Maximum statutory damages of at least $1,000; and the costs of this action and attorney's fees, including pursuant to R.C. 1345.09.

**RESPONSE:** Paragraph 138 states legal conclusions to which no answer is required.  In further answer, PennyMac denies the allegations of Paragraph 138.

## XII.    EIGHTH COUNT - QUIET TITLE

139.    Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**RESPONSE:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

140.    Plaintiff is in possession of the subject property. R.C. 5303.01.

**RESPONSE:** Defendants are without knowledge and information sufficient to form a belief as to the allegations in paragraph 140 of the Amended Complaint and therefore deny them.

141.    Plaintiff also has an interest in the subject property by way of a warranty deed. Ex. G.

**RESPONSE:** Exhibit G speaks for itself.  To the extent the allegations in Paragraph 141 contradict Exhibit G, Defendants deny the allegations of Paragraph 141.

142.    Defendants may claim an interest, lien, or estate in the subject property that is adverse to Plaintiff by virtue of the mortgage loan.

**RESPONSE:** Defendants admit that they claim an interest in the Property.  Defendants deny the remaining allegations in Paragraph 142.

143.     Defendants' failure to release the mortgage lien on the subject property creates a cloud on the title thereto.

**<u>RESPONSE</u>:** Defendants deny the allegations in Paragraph 143.

144.     Any further action to enforce the mortgage loan is barred for the reasons already stated in this Complaint.

**<u>RESPONSE</u>:** Defendants deny the allegations in Paragraph 143.

145.     Plaintiff seeks declaratory relief on Defendants' lien by virtue of the mortgage loan and quieting title in accordance with R.C. 5303.01 with respect to the same.

**<u>RESPONSE</u>:** Defendants deny the allegations in Paragraph 145.

146.     Plaintiff is entitled to an Order from this Court quieting the title to the subject property in Plaintiff s favor as to any of Defendants' lien, or their predecessors or successors, and the recording of a certified copy of such an Order with the Franklin County Recorder.

**<u>RESPONSE</u>:** Defendants deny the allegations in Paragraph 146.

**XIII.   NINTH COUNT - DECLARATORY JUDGMENT**

147.     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**<u>RESPONSE</u>:** Defendants incorporate by reference all answers to the allegations of the Amended Complaint previously set forth as though fully set forth herein.

148.     A controversy exists as to whether Defendants are entitled to enforce the mortgage loan or collect any monies allegedly due thereunder.

**<u>RESPONSE</u>:** Defendants deny the allegations in Paragraph 148.

149.     Upon Plaintiff mailing his notice of rescission to PennyMac, Plaintiff rescinded the mortgage loan.

**RESPONSE:** PennyMac denies the allegations in Paragraph 149.

150.    That is, Defendants, their predecessors, their successors, and all other persons were subsequently prohibited from trying to enforce the mortgage loan or attempting to collect any sums due thereunder.

**RESPONSE:** PennyMac denies the allegations in Paragraph 150.

151.    Plaintiff attempted to resolve this matter with Defendants by asserting his legal rights under 15 U.S.C. 1635, to no avail.

**RESPONSE:** PennyMac denies the allegations in Paragraph 151.

152.    These circumstances necessitate this Count to determine the rights and obligations of the parties under the mortgage loan.

**RESPONSE:** PennyMac denies the allegations in Paragraph 152.

153.    Until the Court declares the parties' rights, PennyMac will continue to demand that Plaintiff pays on a debt that is no longer legally enforceable, and Defendants will continue to deprive Plaintiff of his statutory right of rescission.

**RESPONSE:** PennyMac denies the allegations in Paragraph 153.

154.    Speedy relief is necessary to the preservation of rights that may otherwise be impaired or lost.

**RESPONSE:** PennyMac denies the allegations in Paragraph 154.

155.    Accordingly, pursuant to R.C. 2721.03 and 28 U.S.C. 2201, Plaintiff requests that the Court set forth a declaration of the rights, status, and legal relationship of the parties and extinguish any and all rights that Defendants claim they possess under the mortgage loan.

**RESPONSE:** PennyMac denies the allegations in Paragraph 155.

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice and award Defendants its costs and attorney's fees incurred in responding to the Complaint.

## AFFIRMATIVE DEFENSES

Defendants PennyMac and MERS, for their Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

1.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

2.      There is no genuine issue of material fact concerning at least some of Plaintiff's claims and Defendants are entitled to judgment as a matter of law.

3.      Plaintiff's claims are barred by his own negligence, wrongdoing and/or improper conduct.

4.      Plaintiff is barred from any remedy because Plaintiff's damages, if any, were caused in whole or in part by the acts and omissions of others, whose conduct Defendants did not control and for whose conduct Defendants are not responsible.

5.      Plaintiff failed to mitigate his damages, if any.

6.      Plaintiff's claims for damages are barred, in whole or in part, because the alleged damages, if any, are speculative, uncertain, and impossible to ascertain and because some or all of the damages claimed by Plaintiff are not recoverable under applicable law.

7.      Plaintiff fails to allege any cognizable damages resulting from Defendants' alleged acts and/or inactions.

8.      Defendants acted in good faith, in a commercially reasonable manner, and consistent with the requirements of the law, the subject loan documents, and the parties' course of performance.

9.    Plaintiff's claims may be barred by the doctrines of laches, consent, waiver, acquiescence, ratification, unclean hands and/or estoppel.

Defendants reserve the right to raise additional affirmative and other defenses as they become known during the course of investigation and/or discovery.

Respectfully submitted,

/s/ Jonathan R. Secrest
Jonathan R. Secrest (0075445)
DICKINSON WRIGHT PLLC
150 E. Gay Street, Suite 2400
Columbus, OH 43215
(614) 744-2570
jsecrest@dickinsonwright.com

KJ Miller (P62014 Michigan)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1610
kjmiller@dickinsonwright.com
Pro Hac Vice Admission
*Attorneys for Defendants*

33

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of October 2016, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

<u>/s/ Jonathan R. Secrest</u>
Jonathan R. Secrest (0075445)

ANNARBOR 62645-10 217378v3